Jerry J. Jarzombek, Esq.
714 W. Magnolia Avenue
Fort Worth, Texas 76104
817-348-8325
817-348-8328 fax

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| KIMBERLY BARRETT, § § § Plaintiff, § § vs. § § § NCO PORTFOLIO MANAGEMENT, INC., § § Defendant. § § | Civil Action No. **4-06CV-483-Y** **COMPLAINT** **and** **DEMAND FOR JURY TRIAL** (Unlawful Debt Collection Practices) |

**Preliminary Statement**

1. Plaintiff, Kimberly Barrett ("Barrett") brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), as well as under the Texas Debt Collection Act, Tex. Finance Code § 392.001, *et seq.* ("TDCA") and the Texas Deceptive Trade Practices Act, Subchapter E, Chapter 17, Business & Commerce Code ("DTPA"), to obtain statutory damages, injunctive relief, declaratory relief, and other relief for the Defendant's violations of the FDCPA, the TDCA and the DTPA.

2. Defendant, NCO Portfolio Management, Inc. ("NCO") attempted to collect a consumer debt ("Debt") allegedly owed by Plaintiff, arising from a purported obligation to the AT7T Universal Card. The obligation ("Debt") required Plaintiff to pay money arising out of transactions in which money, property, insurance, or services were the subject thereof and the same were primarily for personal, family, or household purposes. NCO claims to have acquired the Debt.

### Jurisdiction and Venue

3. Jurisdiction of this Court attains pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331 and 1337(a), and the doctrine of pendent jurisdiction for the TDCA claims pursuant to 28 U.S.C. § 1367.

4. Venue in the Northern District of Texas is proper under 28 U.S.C. § 1391(b)-(c) and because the acts and transactions occurred here and the Defendants transact business here.

### Parties

5. Plaintiff is a citizen of the State of Texas. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) and Tex. Finance Code § 392.001(1).

6. NCO is an entity engaged in the business of collecting consumer debts in the Northern District of Texas. The principal purpose of NCO's business is the collection of consumer debts which it has acquired, after default. NCO does not extend credit to any of the consumers whose debt it acquires. Rather, the sole purpose of the acquisition of these defaulted debts is their collection, for profit. NCO is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Tex. Finance Code § 392.001(6). NCO is also a "third-party debt collector" as defined by Tex. Finance Code § 392.001(7).

## Factual Allegations

7. On or about August 10, 2005, NCO filed suit in the 48th Judicial District Court of Tarrant County, Texas, under Cause No. 048-212896-05 (the "State Court Case"). Said suit was styled *NCO Portfolio Management, Inc., Assignee of ATT Universal*.

8. Cause No. 048-212896-05 sought recovery under a theory of open account. Plaintiff does not remember ever having an account with AT&T Universal Card; Plaintiff does remember that her wallet was stolen on two occasions while residing in League City, Texas.

9. All theories of recovery pleaded in the State Court Case were barred by the applicable statute of limitations, as more than four years has passed since the date of default. In a call that Plaintiff placed to NCO, a representative of NCO told Plaintiff that the account made the basis of the state court lawsuit was charged off by the original creditor in "January 2001."

10. Plaintiff incurred attorney's fees in the defense of the frivolous State Court Case.

11. After reasonable opportunity for further investigation and discovery, the Plaintiff says that the Plaintiff will have evidentiary support to show that NCO was aware of their groundless suit in the State Court Case, and elected to prosecute their case without regard for the meritless allegations in their pleading.

12. The foregoing acts and omissions were undertaken on behalf of the Defendant by their respective officers, agents, or employees acting at all times relevant hereto within the scope of that relationship.

13. The foregoing acts and omissions of the Defendant were undertaken willfully, intentionally, knowingly, and/or in gross disregard of the rights of the Plaintiff.

14.  The foregoing acts and omissions of the Defendant were undertaken indiscriminately and persistently, as part of its regular and routine collection efforts, and without regard to or consideration of the identity or rights of the Plaintiff.

### First Claim for Relief

15.  The Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs. The Defendant's violations of the FDCPA include, but are not limited to the a. following:

   a.  In violation of 15 U.S.C. § 1692d, the Defendant engaged in conduct the natural consequence of which was to harass, oppress, or abuse a person in connection with the collection of a debt, which conduct included:

      i.  Filing suit on a time-barred debt;

      ii.  Seeking recovery on theories that have no basis in law or fact, and are therefore groundless.

   b.  In violation of 15 U.S.C. § 1692e, 15 U.S.C. § 1692e (2)(a), 15 U.S.C. § 1692e(10), and the "least sophisticated consumer standard," the Defendant used objectively false representations and/or false, deceptive, or misleading representations or means in connection with the collection of a consumer debt.

   c.  In violation of 15 U.S.C. § 1692e(5) and the "least sophisticated consumer standard," the Defendant threatened to take an action (and took such an action) which cannot legally be taken or that is not intended to be taken.

   d.  In violation of 15 U.S.C. § 1692f, the Defendant used unfair or unconscionable means to collect or attempt to collect a consumer debt, which conduct included:

      i.  Filing suit on a time-barred debt;

      ii.  Seeking recovery on theories that have no basis in law or fact, and are therefore groundless.

16. Under 15 USC § 1692k, the Defendant's violations of the FDCPA render it liable to Plaintiff for actual damages, statutory damages, declaratory relief, costs, and reasonable attorney's fees.

**Second Claim for Relief**

17. The Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs. The Defendants' violations of the TDCA include, but are not limited to the following:

   a. In violation of Tex. Fin. Code § 392.301(a)(8), Defendant threatened to take (and/or did take) an action prohibited by law.

   b. In violation of Tex. Fin. Code § 392.304(a)(8), the Defendant misrepresented the character of a consumer debt.

   c. In violation of Tex. Fin. Code § 392.304(a)(19), Defendant used false representations and deceptive means to collect a consumer debt.

18. Under Tex. Fin. Code Ann. § 392.403, the Defendant's violations of the TDCA render it liable to Plaintiff for actual damages, statutory damages, injunctive relief, declaratory relief, costs, and reasonable attorney's fees.

**Third Claim for Relief**

19. The Plaintiff repeats, realleges and incorporates by reference the foregoing paragraphs. Pursuant to Tex.Fin.Code Ann. § 392.404, the Defendant's violations of the TDCA also constitute a deceptive trade practice under Subchapter E, Chapter 17, Business & Commerce Code ("DTPA"), and is actionable under that subchapter.

20. Under Tex. Bus. & Com. Code Ann. § 17.50(b)(2), the Defendant's violations of the DTPA render it liable to Plaintiff for injunctive relief, and reasonable attorney's fees.

## Prayer for Relief

WHEREFORE, the Plaintiff prays that this Court:

1. Declare that Defendant's actions violate the FDCPA, the TDCA and the DPTA.

2. Enjoin the Defendant's actions which violate the TDCA and the DTPA.

3. Enter judgment in favor of Plaintiff and against Defendant for actual damages, statutory damages, costs, and reasonable attorneys' fees as provided by 15 U.S.C. § 1692k(a) and/or Tex. Fin. Code Ann. § 392.403

4. Grant such further relief as deemed just.


Dated: July 10, 2006.

                                                          Respectfully submitted,

                                                          Jerry J. Jarzombek
                                                          Texas Bar No. 10589050

                                                          714 W. Magnolia Avenue
                                                          Fort Worth, Texas 76104
                                                          Voice: 817-348-8325
                                                          Fax: 817-348-8328

                                                          ATTORNEY FOR PLAINTIFF

# DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

Dated: July 10, 2006.

                                                Respectfully submitted,

                                                Jerry J. Jarzombek
                                                Texas Bar No. 10589050

                                                714 W. Magnolia Avenue
                                                Fort Worth, Texas 76104
                                                Voice: 817-348-8325
                                                Fax: 817-348-8328

                                                ATTORNEY FOR PLAINTIFF

ORIGINAL

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

U.S. DISTRICT COURT
NORTHERN DIST. OF TX
FT WORTH DIVISION

2006 JUL 11 PM 3:25

CLERK OF COURT

## I. (a) PLAINTIFFS
KIMBERLY BARRETT

## DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff — TARRANT
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Jerry J. Jarzombek, The Law Office of Jerry Jarzombek, PLLC
714 West Magnolia Avenue, Fort Worth, Texas 76104 817-348-8325

Attorneys (If Known)
4-06CV-483-Y

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of State Statutes |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Brief description of cause: Unlawful debt collection: FDCPA (15 USC 1692)

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

DEMAND $ 1000+

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):  JUDGE _____  DOCKET NUMBER _____

DATE: July 10, 2006

SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # FW687  AMOUNT 350  APPLYING IFP ___  JUDGE Y  MAG. JUDGE ___